UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTOPHER BASILE,

                Plaintiff,

- against -

CITY OF NEW YORK, MATTHEW WINTERS, WILLIAM DOTTAVIO, THE MADISON SQUARE GARDEN CO., ANGELE DELROSSO, MIKE AVELLINO, and JOHN DOES 1–9

                Defendants.

**OPINION AND ORDER**

17 Civ. 9060 (ER)

Ramos, D.J.:

    Litigants ignore the express order of the presiding judge at their own peril. Plaintiff Christopher Basile ignored two explicit court orders that have delayed prosecution of this case for nearly two years. As a consequence, this Court GRANTS the motion of Defendants City of New York and Officer Matthew Winters to dismiss Basile's action against them. It further GRANTS Basile's cross-motion to compel Defendant Madison Square Garden Co.'s compliance with this Court's *Valentin* order of March 2018, Doc. 6

## I. BACKGROUND

    Plaintiff Christopher Basile alleges that he, after being ejected from a December 2016 Stevie Nicks concert at Madison Square Garden, was falsely arrested for criminal trespass and subjected to excessive force by the New York Police Department. Amended Compl. ¶ 19–26, Doc. 26. He further alleges that while MSG staff ejected him, he suffered injuries due to assault and battery at their hands. *Id.* ¶ 17. He claims that the entire event is captured on video. *Id.* ¶ 22.

Basile filed his complaint in November 2017 against New York City, the Police Commissioner, Officer Matthew Winters, a John Doe police officer (whom the City eventually identified as Officer William Dottavio), Madison Square Garden, an MSG supervisor named Angele Delrossa, and ten John Doe employees of MSG (one of whom MSG eventually identified as Mike Avellino). Basile advances claims against all defendants under 42 U.S.C. § 1983 and New York common law.

In its Order of Service on March 5, 2018, Doc. 6, this Court dismissed the complaint against the Police Commissioner because Basile had failed to "allege facts showing the defendant['s] direct and personal involvement in the alleged constitutional deprivation." Order of Service at 2–3. Because Basile filed his complaint *pro se* and *in forma pauperis*, this Court, pursuant to *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997), ordered the City to help identify the John Doe police officer, and it ordered MSG to help identify the John Doe MSG employees. Order of Service at 4. Both parties were to identify the John Does within sixty days — that is, by May 5, 2018.

### A. The § 160.50 Releases

In early May 2018, the City[1] moved to compel Basile to produce a release to allow the unsealing of NYPD records associated with the incident at MSG, pursuant to New York Criminal Procedure Law § 160.50.[2] Doc. 13. The City indicated that it had sent Basile two letters to his

---

[1] Corporation Counsel of the City of New York represents both the City and Winters.

[2] The relevant provision states:

> 1. Upon the termination of a criminal action or proceeding against a person in favor of such person, . . . the record of such action or proceeding shall be sealed . . . . Upon receipt of notification of such termination and sealing: (d) such records shall be made available to the person accused or to such person's designated agent . . . .

N.Y. Crim. Proc. § 160.50(1)(d) (McKinney 2019); *see also* Local Rule 83.10, Ex. A (designating Corporation Counsel as agent of plaintiffs for the purposes of receiving arrest records relevant to a lawsuit filed in this district).

address requesting the release but had not heard back. *Id.* The City also indicated that Basile had not provided it with a medical release, which, it wrote, was necessary to evaluate Basile's claims of injury. *Id.*

The Court endorsed the City's letter the next day, writing, "Plaintiff is directed to respond to the city's letter by Wednesday, May 16, 2018. Plaintiff is reminded that failure to comply with this Court's orders may result in adverse court action, including dismissal of his Complaint for failure to prosecute." Doc. 15.

On May 16, Basile wrote back, arguing that Local Rule 83.10[3] — which requires that "represented plaintiff[s]…must serve on the City [a § 160.50 Release] for sealed arrest records for the arrest that is the subject of the complaint" in claims against the City brought under § 1983 — did not apply to him given his *pro se* status. Doc. 18. He refused to provide the release until the opening of discovery, after a conference under Federal Rule of Civil Procedure 26(f). *Id.* "Defendants are not entitled to any discovery at the present time," he wrote. *Id.*

---

[3] Rule 83.10 provides:

> Unless otherwise ordered, in civil cases filed by a represented plaintiff against the City of New York ("City") . . . alleging the use of excessive force, false arrest, or malicious prosecution by employees of the NYPD in violation of 42 U.S.C. § 1983, the procedures set forth below shall apply . . . .
>
> 1. Service of Releases with Complaint
>
>    a. At the same time that plaintiff serves the complaint, plaintiff must serve on the City the release annexed as Exhibit A ("§ 160.50 Release") for sealed arrest records for the arrest that is the subject of the complaint, and for a list of all prior arrests. . . .
>
>    b. If plaintiff seeks compensation for any physical or mental injury caused by the conduct alleged in the complaint other than "garden variety" emotional distress, plaintiff must serve on the City the medical release annexed as Exhibit B ("Medical Release") for all medical and psychological treatment records for those injuries at the same time that plaintiff serves the § 160.50 Release. . . . Failure to so serve the above-described Medical Release(s) will constitute a waiver of plaintiff's claims for compensation for that physical or mental injury.

Local Rule 83.10. The rule does not provide a specific procedure for plaintiffs proceeding *pro se*.

This Court endorsed Basile's letter two days later, writing, "Plaintiff, notwithstanding his *pro se* status, is directed to provide § 160.50 Releases, including medical releases, should Plaintiff wish to seek compensation for physical or mental injuries other than garden variety emotional distress. The parties are directed to comply with this Order by June 1, 2018." Doc. 19.

Although Basile never provided the city with a § 160.50 release, the City managed to identify the John Doe officer as William Dottavio, and it informed the Court of that fact in a May 18 letter. Doc. 20. It also indicated that it would not be able to investigate the allegations in Basile's complaint pursuant to Federal Rule of Civil Procedure 11 until Basile unsealed the incident records with a § 160.50 release. Doc. 21. The Court granted that request, extending the deadline to respond to a date thirty days after Basile provided the release. Doc. 23.

Basile wrote a letter to the Court on May 25 asking for it to "reconsider its prior directive, requiring that [he] waive [the] rights conferred upon [him] pursuant to [New York Criminal Procedure Law §] 160.50 . . . as a condition precedent to bringing [his] law suit." Doc. 25. Basile also requested the Court's certification of an interlocutory appeal if the Court denied reconsideration. *Id.* This Court denied reconsideration and certification of the appeal a few days later, again directing Basile "to provide the City with the necessary Section 160.50 Releases." Doc. 27. Basile filed an Amended Complaint, naming Dottavio and a newly identified MSG employee, Mike Avellion, on May 25.[4] Doc. 26.

After the June 1 deadline for Basile to provide his § 160.50 releases had passed, the City moved to hold a pre-motion conference to "discuss its anticipated motion to dismiss for failure to comply with a Court Order and failure to prosecute." Doc. 29. In a reply one week later, Basile

---

[4] Dottavio has not been served and has not made an appearance before this Court.

wrote that he "respectfully decline[d] to execute" the § 160.50 releases, repeating his arguments that no rule of civil procedure, local rule, or rule of individual practice compelled him to do so. Doc. 37.

This Court held the pre-motion conference on August 2, 2018. There, the City requested that the Court again order Basile to supply the § 160.50 releases. The Court turned to Basile and said, "I am actually rather surprised that you have decided not to comply with my two previous orders. Are you still insisting on not providing the release?" Doc. 67 at 7:20–23. Basile replied, "[N]o, I am not ready to execute [a] blanket release[] preanswer." *Id.* at 8:4–5. Basile repeated his argument that no rule compelled him to provide the release. The Court responded:

> THE COURT: Let me ask you this, Mr. Basile, you are an attorney, are you not?
> MR. BASILE: Yes.[5]
> THE COURT: You filed several cases in this district before; correct?
> MR. BASILE: Yes.
> THE COURT: At least one of those cases have gone up to the Second Circuit; is that correct?
> MR. BASILE: That's correct.
> THE COURT: In fact, one of those cases Christopher Basile v. Francesca Connelly, in her official and individual capacity, and John Doe No. 1, Jane Doe No. 1. That case 12-227 CV. Are you familiar with that case?
> MR. BASILE: Yes, I am.
> THE COURT: Are you familiar with the Second Circuit's decision in that case?[6]
> MR. BASILE: Yes.
> THE COURT: You recall, do you not, that in that case the Second Circuit said, ["]Ordinar[ily,] *pro se* litigants are afforded special solicitude; but a lawyer representing himself, as is the case here, ordinarily receives no solicitude at all.["]

---

[5] Basile is an attorney registered with the New York State Unified Court System, Registration Number 2403491. *See Attorney Directory*, N.Y. St. Unified Ct. Sys. (Sept. 17, 2019), http://iapps.courts.state.ny.us/attorney/AttorneySearch [https://perma.cc/4C2T-ZVTW] (search First Name "Christopher" and Last Name "Basile"). Basile is also an attorney in good standing with the Bar of this Court, Bar ID CB8729.

[6] *See* 538 Fed. App'x. 5, 6 (2d Cir. 2013) (summary order)

5

| | |
|---|---|
| MR. BASILE: | I am not asking for that. That says I am not getting solicitude. It doesn't say I am a covered person. There is a big difference between not receiving special solicitude because you are *pro* [*se*] plaintiff and being deemed a covered person. This rule was made to push [§] 1983 cases through the court system. |
| THE COURT: | What rule are you referring to? |
| MR. BASILE: | 83[.]10. |
| THE COURT: | With a kind of rule is that? |
| MR. BASILE: | That is a local rule. |
| THE COURT: | Local rule of this court? |
| MR. BASILE: | Of this [court]. |
| THE COURT: | Right. It does not create any substantive rights and it is subject to further order of the court, and I have ordered you on two occasions to provide those releases and you have refused to do so much. |
| MR. BASILE: | Correct. |
| THE COURT: | My order trumps that local rule. |

*Id.* at 9:1–10:15. The Court then granted the City leave to file the motion to dismiss now before this Court.[7] *Id.* at 11:10. MSG has joined the City in this motion. Doc. 61.

### B. Madison Square Garden's Compliance with the *Valentine* Order

Meanwhile, Madison Square Garden[8] endeavored to identify those of its staff pictured in the video of the December 2016 incident. In May 2018, two months after the Court issued its *Valentine* order, MSG identified Mike Avellino as one of the MSG staff involved. Doc. 14. Basile asked the Court to order MSG to identify the other John Does, Doc. 18; the Court granted that request two days later, Doc. 19.

Basile notified the Court in letters over the next two months that MSG had not identified the other John Does. *See* Doc. 25 (May 25, 2018); Doc. 38 (June 22, 2018). He requested and

---

[7] Basile later asked the Court to reconsider its grant of leave. Doc. 46. The Court denied that request. Doc. 70. Basile appealed that denial to the Second Circuit. Doc. 71. The Second Circuit dismissed the appeal for lack of jurisdiction due to the lack of a final order. Doc. 72.

[8] Wilson, Elser, Moskowitz, Edelman & Dicker LLP represents MSG, Delrosso, and Avellino in this action.

received a Certificate of Default from the Clerk of Court for MSG in June, and petitioned the Court to issue an Order to Show Cause to MSG. Doc. 37. In response to this petition, MSG claimed that Basile was attempting to "engage [MSG] in discovery" and that such attempts were "improper." Doc. 39. It further claimed that it had "fully complied with the Court's *Valentin* Order." *Id.* The Court denied Basile's letter motion on July 2. Doc. 42.

MSG attended the August 2018 pre-motion conference, having indicated it intended to join in the City's motion to dismiss. Doc. 39. At that conference, Basile indicated that MSG had still not identified more than one of the Jone Doe staff members. Doc. 67 at 12:2–4. Counsel for MSG responded:

> There have been two individuals identified. Those are the two individuals noted in the incident report that we have. The[] surveillance video is preserved. There are other individuals that are seen in the surveillance video. It is my position that those individuals did not play a role in the occurrence here and the allegations. So there is no need to name them.

*Id.* at 12:17–23. The Court granted Basile leave to file a motion to compel MSG to identify the other individuals. *Id.* at 12:24–25. Basile did so in his cross-motion now before this Court. Doc. 62.

## II. DISCUSSION

### A. The City's Motion to Dismiss

The City moves to dismiss Basile's complaint under Federal Rule of Civil Procedure 37(b) for failure to obey a court order and under Rule 41(b) for failure "to prosecute or to comply with . . . a court order." The Court finds grounds to dismiss under Rule 41(b).

"Rule 41(b) dismissals are a 'harsh remedy' that are 'appropriate only in extreme circumstances.'" *Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). The Second Circuit has counseled district courts to "be especially

7

hesitant to dismiss for procedural deficiencies where . . . the failure is by a *pro se* litigant." *Lucas*, 84 F.3d at 535.

In deciding whether to dismiss for lack of prosecution, the Court looks to five factors:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Spencer*, 139 F.3d at 112. It addresses them in turn.

*First*, Basile has failed to comply with not one but two orders of this Court. He failed to produce the § 160.50 releases to the City after the Court's order of May 18, 2018. Doc. 19. He again failed to produce the releases after the Court's order of June 27, 2018. Doc. 27. Those orders are still outstanding — nearly a year and a half later. *Cf. Perez v. City of New York*, 02 Civ. 3670 (WK), 2003 WL 1992437, at *2 (S.D.N.Y. Apr. 10, 2003) (dismissing complaint for failure to provide § 160.50 release after ten months of delay).

Any argument by Basile that this Court's orders are invalid are without merit. As the Court indicated in the August 2018 pre-motion conference, Local Rule 83.10 "exists to provide some accommodation to [allow] *pro se* litigants[,] who may not otherwise be familiar with their rights, not to provide those releases at that particular time. It does not apply to lawyers who are *pro se*." Doc. 68 at 11:2–6. Furthermore, Federal Rule of Civil Procedure 83(b) grants district judges leave to "regulate practice in any manner consistent with federal law, [the Federal Rules of Civil, Criminal, and Bankruptcy Procedure], and the district's local rules." The Court's order to produce the § 160.50 releases is not discovery and therefore not in contravention of Rule 26(d). "[T]he City is not seeking discovery from its adversary; it is, instead, seeking access to its

own files so that it can respond intelligently to the Complaint." *Cabble* v. *Rollieson*, No. 04 Civ. 9413 (LTS) (FM), 2006 WL 464078, at *9 (S.D.N.Y. Feb. 27, 2006); *see also Foti* v. *City of New York*, No. 09 Civ. 944 (GEL), 2009 U.S. Dist. LEXIS 36533, at *1, *2 (S.D.N.Y. Apr. 30, 2009) (approving of the reasoning in *Cabble*). Nor does it even conflict with Rule 83.10, which, by its terms, does not apply any restrictions on how the Court may treat *pro se* plaintiffs.[9]

*Second*, Basile was on notice that failure to comply could result in dismissal. In its May 2 order, the Court specifically said, "[F]ailure to comply with this Court's orders may result in adverse court action, including *dismissal of [Basile's] Complaint for failure to prosecute*." Doc. 15 (emphasis added); *see also* Pl.'s Mem. at 10, Doc. 63 (quoting the text of the May 2 order). In the pre-motion conference for a motion *to dismiss for failure to prosecute*, the Court directly asked Basile why he had not obeyed the Court's previous two orders. And after Basile indicated that he would not obey those orders, the Court gave the City leave to file a motion *to dismiss for failure to prosecute*. The City filed the motion, Docs. 57, 58, and Basile responded to it with a twenty-three-page long memorandum of law specifically addressing the motion, Doc. 63, to which the City replied, Doc. 66. Basile thus has had abundant notice of the consequences of his failure to obey the orders of this Court.

Basile puts forth various claims that he was unaware of the Court's orders or found them unclear. These claims strain credulity. At no point did Basile inform the Court that he was not getting correspondence related to this case, even when asked directly, in person, why he had not

---

[9] The City cites a number of decisions where courts of this District and the Eastern District of New York have granted motions to compel plaintiffs to produce § 160.50 releases pre-answer. *See, e.g.*, *Colon v. City of New York*, 11 Civ. 00173 (CBA) (MDG) (E.D.N.Y. Feb. 4, 2011); *Hazan v. City of New York*, 10 Civ. 7568 (NRB) (S.D.N.Y. Dec. 3, 2010); *Hassen v. City of New York*, 10 Civ. 4872 (RJH) (S.D.N.Y. Sept. 16, 2010), Doc. 6; *Santos v. City of New York*, 10 Civ. 368 (PGG) (S.D.N.Y. May 12, 2010), Doc. 5; *Mesa v. City of New York*, 09 Civ. 10464 (PKC) (DCF) (S.D.N.Y. July 8, 2010), Doc. 19; *Khanukayev v. City of New York*, 08 Civ. 6832 (CM) (S.D.N.Y. Mar. 11, 2009).

obeyed the Court's orders. And, in multiple letters, motions, and oral arguments to the Court, Basile has consistently presented his arguments, which the Court has consistently rejected, for why he should not have to follow the Court's orders. Finally, Basile is an attorney. In an opinion where Basile himself was the appellant, a panel of the Second Circuit wrote, "While we ordinarily afford special solicitude to *pro se* pleadings, such solicitude is not warranted here, where a lawyer is representing himself." *Basile v. Connolly*, 538 Fed. App'x. 5, 6 (2d Cir. 2013) (summary order). This Court will not grant Basile any solicitude while evaluating his understanding of the orders of the Court, his knowledge of the consequences that flow from disobeying those orders, or his notice of either.

*Third*, Basile's failure to provide the City with the ability to review its own files certainly prejudices the City. The Court "presume[s] as a matter of law that Defendant will be prejudiced by further delay." *Perez*, 2003 WL 1992437, at *2 (citing *Peart v. City of New York*, 992 F.2d 458, 462 (2d Cir. 1991)). Because Basile has not signed the § 160.50 releases, the City cannot look at the records surrounding the incident at Madison Square Garden. "[T]he City is entitled to review its own sealed records so that it may conduct the investigation required by Rule 11 prior to answering the Complaint." *Cabble*, 2006 WL 464078, at *10. Basile's choice to defy the Court's order stands in the way of that entitlement.

*Fourth*, the Court's docket is congested enough without having to continually order Basile to take actions necessary to get him closer to the relief the he himself seeks. "[T]he primary rationale underlying dismissal under [Rule] 41(b) is the failure of plaintiff in his duty to process his case diligently." *Levall Theatre Corp. v. Loews Corp.* 682 F.2d 37, 43 (2d Cir. 1982). "The plaintiff's duty to pursue his case bears on both the question of fairness and the question of judicial resources." *Perez*, 2003 WL 1992437, at *2 (citing *Chira v. Lockheed Aircraft Corp.*, 634

F.2d 664, 668 (2d Cir. 1980) (seeking to achieve "fairness to other litigants, whether in the same case or merely in the same court as competitors for scarce judicial resources . . . .")). Basile has had a fair chance to be heard, and he has squandered it.

*Fifth*, there is no sanction short of dismissal that is appropriate. As Basile himself writes, "Defendants will receive all of the releases they are due during discovery, after they have answered the Amended Complaint." Pl.'s Mem. at 3. As Basile himself said, "They [the City] are not entitled to this information until there has been an answer, a prediscovery conference, and we go into discovery. . . . [N]o, I am not ready to execute [a] blanket release[] preanswer." Doc. 67 at 8:2–5. Basile does have a right to be heard by this Court and have the benefits of the Federal Rules of Civil Procedure as he proceeds through discovery, but "this right is qualified by the obligation to comply with lawful court orders." *Watkins v. Merchese*, No. 13 Civ. 03267 (GBD) (SN), 2015 WL 4605660, at *3 (S.D.N.Y. July 31, 2015) (quoting *George v. City of New York*, No. 12 Civ. 6365 (PKC) (JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013)) (internal quotation marks and alterations omitted).

This Court has required, so that the City may fulfill its Rule 11 obligations, that Basile provide the § 160.50 releases to the City before discovery opens. Basile has steadfastly refused. Therefore, the litigation between the City and Basile has remained at an impasse that could not be resolved until Basile complied with the Court's order. Given his continuous and purposeful refusal to do so, the Court has no other choice but to dismiss his actions against the City and Winters.

### B. Basile's Cross-Motion

The Court will not go so far as to dismiss the entire Complaint, however. Basile's failure to obey the Court's order only meaningfully delayed the ability of the City and Winters to provide an Answer. It has not similarly delayed Madison Square Garden or its staff.

Counsel for MSG indicated that MSG has identified several individuals beyond the one identified in MSG's May 1 letter. Doc. 67 at 12:6–23. And in a letter to the Court, counsel for MSG indicated that MSG is "ready, willing and able to formally interpose an answer to the Amended Complaint." Doc. 35.

The Court's *Valentin* order, made to assist this plaintiff in identifying defendants, is still in force eighteen months later. MSG has identified only one of the defendants pictured in the MSG-possessed video. The Court orders it to identify the others by October 18, 2019 or provide the Court with reasons on the record for why such identification is improper or impossible. Basile shall have until November 15, 2019 to file his Second Amended Complaint.

## III. CONCLUSION

For the forgoing reasons, the motion to dismiss filed by the City and Winters is GRANTED. The motion to dismiss filed by MSG, Delrossa, and Avellion — through their joinder to the City's motion, Doc. 61 — is DENIED. Basile's cross-motion to compel compliance with the Court's *Valentin* order is GRANTED. The remaining defendants and Basile

are ordered to comply with the instructions detailed in Part II.B, *supra*. The Clerk of Court is respectfully directed to terminate the motions, Docs. 57 and 62.

It is SO ORDERED.

Dated:   September 19, 2019
        New York, New York

Edgardo Ramos, U.S.D.J.