# MEMO ENDORSED

2877 Paradise Road, Unit 702<br>
Las Vegas, NV 89109<br>
November 10, 2019

BY ECF AND OVERNIGHT MAIL
Honorable Judge Edgardo Ramos
United States District Court
Southern District of New York
500 Pearl Street, Room 200, Pro Se Intake Unit
New York, NY 10007

**Re: Basile v. City of New York et al., 17-CV-09060 (ER)**

Your Honor:

   I am Your Pro Se Plaintiff in the above-referenced matter. In accordance with this Court's Individual Rules, Plaintiff writes pursuant to Rule 55 of the Federal Rules of Civil Procedure to respectfully request that the Court schedule a pre-motion conference to discuss its anticipated motion for Default Judgment. On March 5, 2018, Your Honor, issued an Order of Service, directing Defendant Madison Square Garden to "ascertain the identity of the John Doe Defendants Plaintiff seeks to sue here ***and the addresses*** (italics mine) where these Defendants may be served. ... Madison Square Garden Company must provide this information to Plaintiff and the Court within sixty days of this order." Order of Service, March 5, 2018, signed by the Honorable Judge Ramos (Document #6 on the Docket Sheet 17-cv-9060).
   On May 16, 2018, in a Letter to the Honorable Judge Ramos (Document #18 on the Docket Sheet 17-cv-9060), Plaintiff informed the Court that "Defendant MSG's response to the Court's Valentin order is willfully deficient and defective." On May 18, 2018 (Document #19 on the Docket Sheet 17-cv-9060), Your Honor endorsed Plaintiff's Letter ordering "Defendants are directed to comply with the Court's Valentin Order of March 2, 2018.... The parties are directed to comply with this Order by June 1, 2018. SO ORDERED."
   On June 18, 2018, Defendant Madison Square Garden had still not complied with Your Honor's Valentin Order, so Plaintiff requested and obtained a Clerk's Certificate of Default against the Madison Square Garden Company. Plaintiff submitted this Certificate of Default, together with an Order to Show Cause; The Certificate was docketed and the Order to Show Cause was ignored, as if never filed.
   On June 20, 2018, Plaintiff sent another Letter to Your Honor, again advising Your Honor that Madison Square Garden had still not complied with the Court's Valentin Order. (Document 38 on the Docket Sheet 17-cv-9060).
   On June 27, 2018 (Document 37 on Docket Sheet 17-cv-9060), Plaintiff sent another letter to Your Honor which stated, in part:

"I am confused by the Court's issuance of an additional period for Defendants to answer Plaintiff's complaint, especially in light of the Clerk's issuance of a Certificate of Default. Plaintiff notes that Exhibit 6 of the Docket Sheet contains an Order of Service that requires the NYPD to identify NYC Police Officer John Doe 1 and the NYPD has complied. As a result, NYC Police Officer William Dottavio was named in the Amended Complaint in lieu of John Doe 1. However, The Madison Square Garden Company was ordered to identify John Does 2-

10, but to date have only identified one individual-Mike Avellino-who is also now named in the Amended Complaint. MSG has failed to identify any of the other John Does, who were/are MSG employees and who are easily identifiable by reference to the videotape of Plaintiff on the MSG premises discussed in the last paragraph of this letter.

Accordingly, MSG remains in Default, the Clerk of the Court has issued a Certificate of Default and Plaintiff respectfully requests Your Honor to Execute the Order to Show Cause filed with the Clerk of the Court simultaneously with the Clerk issuing the Certificate of Default shown on the Record."

On July 9, 2018 (Document 44 on Docket Sheet 17-cv-9060), by Letter to Your Honor Plaintiff stated:
"Plaintiff respectfully requests that Your Honor reconsider his request to execute Plaintiff's Order to Show Cause, previously filed with the Court and attached hereto as Exhibit 3, re: Default of Defendant The Madison Square Garden Company at his earliest convenience. Attached as Exhibit 4 is the Clerk's Certificate of Default with respect to The Madison Square Garden Company." On July 13, 2018, Plaintiff provided this Court with his Affirmation of Damages. Document 45 on Docket Sheet 17-cv-9060.

On October 9, 2018, in Plaintiff's Opposition to Defendant's Motion to Dismiss and in Support of Plaintiff's Cross-Motion for Violation of the Court's Valentin Order (Document 63 on Docket Sheet 17-cv-9060), Plaintiff again stated:

"As previously discussed, videotape/film of Plaintiff's entire interaction with the MSG Defendants and the NYC Defendants is being preserved by MSG (according to the representation of Joshua Cash at the pre-motion conference). Joshua Cash also admitted that at no time did Plaintiff trespass on MSG premises. These tapes/films show, in part, the MSG Defendants and the NYC Defendants (as well as other NYC Police Officers) acting in concert and debating what they would arrest Plaintiff for. They falsely choose criminal trespass and these frivolous charges were dismissed on a speedy trial basis as no one would execute a supporting deposition to this falsehood. At all times Plaintiff was attempting to enter the MSG Arena with a valid ticket in hand; a copy of such ticket is attached to the Amended Complaint as an Exhibit. Even though Plaintiff had a valid ticket, he attempted to leave the area and never entered Madison Square Garden Arena. Unfortunately, during his attempt to leave the area he was assaulted by the MSG John Doe defendants and later several members of the NYPD. Both the MSG Defendants and the NYC Defendants know the names and identities of the John Doe Defendants in this action and none of the Defendants has produced them in violation of the Court's <u>Valentin</u> Order."

The last act of utter defiance and disregard is Defendant Madison Square Garden's publication, on October 16, 2019, of a purported list of MSG Defendants, without a copy of the supporting tape and with no addresses to which these persons could be served. (Document 74 on the Docket Sheet 17-cv-9060).

Plaintiff respectfully requests that the Court review the previously filed enclosed Order to Show Cause re: Defendant Madison Square Garden's default with respect to the Court's Valentin Order, the accompanying Certificate of Default (outstanding for well over one year) and the Affirmation of Damages and either sign the Order to Show Cause, as amended, or schedule a Pre-Motion Conference with respect to the same.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Christopher Basile

Christopher Basile
2877 Paradise Road, Unit 702
Las Vegas, NV 89109

CC: Joshua Cash, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 E. 42nd Street New York, NY 10017

---

Pursuant to this Court's orders of September 20, 2019, Doc. 73, and March 5, 2018, Madison Square Garden is ORDERED to provide Basile with addresses at which the employees identified in its letter of October 16, 2019, Doc 74, may be served. It is directed to comply by November 19, 2019.

Basile's motion for a pre-motion conference is DENIED without prejudice. He may refile his motion in the event that Madison Square Garden does not comply by November 19.

It is SO ORDERED.

_____
Edgardo Ramos, U.S.D.J
Dated: Nov. 12, 2019
New York, New York