UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

Christopher Basile,

                                   Plaintiff,                              **17-cv-9060(ER)**

         v.

                                                                           **SECOND AMENDED**
 The Madison Square Garden Company, an entity formed under              **COMPLAINT**
the laws of the State of Delaware, and each of Angele Delrosso,
Mike Avellino, Anthony Sabella; Frank Celentano; Christopher               **JURY TRIAL**
Soto; Phyllis Smith; and Anthony Mongelli in his/her individual           **DEMANDED**
capacity and official capacity as an employee/former employee
and/or agent of The Madison Square Garden Company,

                                   Defendants.

-------------------------------------------------------------------------

Christopher Basile ("Plaintiff"), an individual, as and for his Second Amended

Complaint against the above-named Defendants, alleges as follows:

## NATURE OF THE ACTION

This case involves procedural abuses, deprivation of Due Process and denial of Civil Rights,

all devised by the Defendants who engaged in collusion and a conspiracy with Officers Matthew

Winters (not named as a party) ("Winters') and William Dottavio (not named as a party)

("Dottavio" and together with Winters, the "NYPD Officers")) to illegally arrest and prosecute

Plaintiff for criminal acts Defendants' own counsel has admitted before this Court that he did not

commit.

1

## FEDERAL LAW CLAIMS

**(1)** violation of 42 U.S.C. 1983: Arrest, Deprivation of Procedural and Substantive Due Process,

**(2)** violation of 42 U.S.C. 1983: Detention and Confinement,

**(3)** violation of 42 U.S.C. 1983: Conspiracy,

**(4)** violation of 42 U.S.C. 1983: Refusing or Neglecting to Prevent,

**(5)** violation of 42 U.S.C. 1983: Malicious Prosecution,

**(6)** violation of 42 U.S.C 1983; Excessive Use of Force,

## PENDANT NEW YORK STATE LAW CLAIMS/ DIVERSITY CLAIMS

**(7)** malicious abuse of process,

**(8)** false arrest and imprisonment,

**(10)** battery,

**(11)** conspiracy,

**(12)** intentional infliction of emotional distress,

**(13)** negligence,

**(14)** negligent infliction of emotional distress;

**(15)** malicious prosecution,

**(16)** defamation, and

**(17)** excessive use of force

## JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action:

(a)      pursuant to 28 U.S.C. § 1331 because the facts of this case entail federal question

involving Defendants' violations of Federal Law, including 42 U.S.C. § 1983, *et seq*.;

(b)       pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity between the parties, which are a Nevada Plaintiff and Defendants from New York, and the amount in controversy exceeds $75,000 exclusive of interests and costs;

(c)       The Court, pursuant to 28 U.S.C. §1367(a), may also maintain supplemental jurisdiction over the state-based claims raised in this action because they arise from the same set of facts, circumstances, case and controversy.

(d)       Venue is proper in this District pursuant to 28 U.S.C. § 1391.  A substantial part of the events giving rise to the claims herein happened in the Southern District of New York, including the events described in this Complaint which took place in New York County, New York.

## PARTIES

2.    Plaintiff is a natural person residing at 2877 Paradise Rd, Las Vegas, NV, and was, at all times relevant to this Complaint, a resident of the State of Nevada.

3.    Defendant The Madison Square Garden Company ("MSG") is a Delaware corporation qualified to do business in the County of New York, the State of New York and has been doing business in the County of New York, the State of New York, at all times relevant to this Complaint. MSG has owned and operated Madison Square Garden at all times relevant to this Complaint. MSG is authorized by law to maintain and employ its security force, which acts as its agent for providing security for events at Madison Square Garden and for which it is ultimately responsible. MSG assumes the risks incidental to the maintenance of a security force and the employment of security personnel. MSG so employed each of Angele Delrosso; Mike Avellino; Anthony Sabella; Frank Celentano; Christopher Soto; Phyllis

3

Smith (deceased); and Anthony Mongelli (each an "Individual Defendant" and, collectively, the "Individual Defendants") at the time of the wrongful conduct set forth herein.

4.     Defendant Angela Delrosso is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

5.   Defendant Mike Avellino is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

6.   Defendant Anthony Sabella is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

7.   Defendant Christopher Soto is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

8.   Defendant Frank Celentano is a natural person who, at all times relevant to this Complaint (a) has been working, or formally work for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another

4

city in a State other than Nevada.

9. Defendant Phyllis Smith (deceased), is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

10. Defendant Anthony Mongelli, is a natural person who, at all times relevant to this Complaint (a) has been working, or formally worked, for MSG and, on information and belief, (b) has resided, and/or currently resides in or about New York City, NY or another city in a State other than Nevada.

11. Plaintiff sues all natural persons in their official and individual capacities.

## FACTS

12.     On December 1, 2016, Plaintiff was an attending MSG with his fiancée to see a concert featuring The Pretenders and Stevie Nicks.

13.     Plaintiff presented his valid ticket at first security checkpoint and was duly admitted past the first checkpoint by MSG security personnel. A copy of Plaintiff's ticket is enclosed hereto as Exhibit 1.

14.     While walking to the MSG concert hall in the general direction of the next checkpoint, Plaintiff was accosted by three MSG security officers - each of which was one of the Individual Defendants- who told him he had to leave the premises. Without viewing Defendant Madison Square Garden's complete security recording of the entire incident between Plaintiff, Defendant Madison Square Garden, the Individual Defendants and the NYPD Officers, Plaintiff cannot apportion blame among the Defendants.

5

15.    Although Plaintiff objected because he had, and had presented, a valid ticket, he complied with this request.

16. As Plaintiff was walking towards the exit, one or more of of the Individual Defendants suddenly assaulted and battered Plaintiff, grabbing Plaintiff by the shoulder for no good reason whatsoever, causing Plaintiff pain and discomfort.

17.    Plaintiff then shrugged his shoulder to loosen the Individual Defendant's grip and remove the Individual Defendant's hand from Plaintiff's shoulder.

18.    Plaintiff was then assaulted and battered by one or more of the Individual Defendants, who then proceeded to roughly and bodily carry Plaintiff out of the building housing the first security checkpoint, injuring his legs, neck and back in the process.

19.    Once outside the building housing the first security checkpoint, one or more of the Individual Defendants pinned Plaintiff against an external wall of such building against his will, refusing to release him from physical restraint and let him leave the area to receive medical treatment.

20.    Shortly thereafter, several NYC police officers, including the NYPD Officers, approached the area where one or more of the Individual Defendants had Plaintiff pinned against the wall.

21.    One or more of the Individual Defendants stated to the NYPD Officers that they had "arrested" Plaintiff for criminal trespass and that they wanted the NYPD Officers to complete the arrest and book Plaintiff on those charges. Several of Individual Defendants knew the NYPD Officers on a first name basis and, acting in collusion and conspiracy with the NYPD Officers, openly discussed their "charges" against Plaintiff as though they were

police officers.

22.    Plaintiff again demonstrated that he had a valid ticket, was legally allowed to enter

Madison Square Garden and stated that he had attempted to leave on his own accord when

requested.

23.    Plaintiff further stated that the entire incident was captured on numerous video

cameras by Madison Square Garden security personnel and equipment and all the police

officers, including NYPD Officers, had to do was to review the video tape to determine that

Plaintiff had not committed any crime. Plaintiff admonished the NYPD Officers to review

the immediately available videotapes of the instant purported incident.

24.    The NYPD Officers refused to do so and willfully ignored this completely

exculpatory evidence and instead, in collusion and conspiracy with one or more of the

Individual Defendants, agreed with that Plaintiff would be arrested. In collusion and

conspiracy with one or more of the Individual Defendants, the NYPD Officers handcuffed

Plaintiff and "completed" the arrest started by one or more of the Individual Defendants.

None of the NYPD Officers, nor Individual Defendant Delrosso were present anywhere near

Plaintiff as he attempted to enter Madison Square Garden at the time of this incident and had

no firsthand or percipient knowledge of it. The Criminal Complaint filed by Winters was

false, pure hearsay and completely contradicted by readily available video(s) of the alleged

incident, and thus, as a matter of law, was not only insufficient to support an arrest, but was

capricious and malicious. In addition, no supporting deposition was attached to the

Complaint, as filed or at a later date, rendering it invalid and the filing and arrest arbitrary

and capricious. A copy of the Criminal Complaint (the "Criminal Complaint'), as filed, is

attached hereto as Exhibit 2. Further, in a statement to this Court during a pre-Motion

Conference for a Motion to Dismiss, on August 2, 2018, Joshua Cash, Attorney for Madison

Square Garden, and District Court Judge Ramos had the following exchange:

"THE COURT: Did he actually get into the facility?

MR. CASH: No. On Seventh Avenue by the Chase Bank, you can sort of go underneath and

enter in through the – you go through the metal detectors, but he didn't check – he didn't have

his ticket validated where you can enter and go to your seats."

      Thus, by admission of MSG's own defense counsel, Plaintiff never trespassed on any

property of MSG. Further, his ticket was never revoked or confiscated and remained in full force

and effect at all times. As a matter of law, Plaintiff did not trespass on any MSG property.

25.    On information and belief, it is a policy of NYC and the NYC Police Department,

including the NYPD Officers, to treat the MSG security guards (including the Individual

Defendants) as an extension of the NYC Police Department, to act in collusion and conspiracy

with them and treat their words and actions as those of the NYC Police department. MSG has

routinely retained off duty and former NYC Police Officers as members of its security

detail.

26.    Plaintiff was hauled off to the Police Station by the NYPD Officers, and as

instructed by one or more of the Individual Defendants, was booked on charges of PL

140.l0(a) Criminal Trespass in the Third Degree and PL 140.05 Trespass, despite

Individual Defendant Delrosso and the NYPD Officers never having viewed the

videotapes of the incident, having ignored Plaintiff's statement of the events and not

having been present in person during the alleged incident, and Plaintiff having never

entered MSG property. The NYPD Officers and one or more of the Individual Defendants, acting in collusion and conspiracy, willfully and maliciously disregarded the undeniable, objective facts regarding this incident to arrest and detain Plaintiff for their own personal benefit.

27.     None of the Individual Defendants, nor any other person who personally viewed this incident, filed any complaint or supporting deposition with respect to Plaintiff. Notwithstanding the foregoing, The NYPD Officers, Defendant MSG and one of more of the Individual Defendants again willfully ignored the readily available videotapes of the purported incident and, in collusion and conspiracy, filed a criminal complaint against Plaintiff. After commencement of prosecution and two Court appearances, certain employees/agents of MSG, together with Plaintiff's attorney, reviewed the videotape of the incident of December 1, 2016. It was clear to all that Plaintiff had committed no crime of any kind and all charges were dismissed with prejudice. Plaintiff's attorney has demanded in writing that Defendant MSG preserve this video tape evidence.

28.     Plaintiff has required, and still requires, medical treatment and medication for the injuries to his back, neck and legs as a result of the assault and excessive use of force upon him by one or more of the Individual Defendants. He continues to suffer pain and disability as a result thereof. Plaintiffs special damages include, without limitation, blunt force trauma to his back, neck and knees causing permanent damage to several disks and resulting in sciatica and loss of nerve function, permanent nerve damage to his C Spine, T Spine and lumbar, legal fees and expenses to defend himself against the false criminal charges brought against Plaintiff by MSG

and one or more of the Individual Defendants and legal fees to prosecute this Complaint.

29.     Defendant MSG and Individual Defendant Delrosso negligently trained, and or failed to train, the other Individual Defendants allowing them to take joint security/police action in conjunction and collusion with NYC police personnel (including the NYPD Officers) when conducting MSG security business. As a result, the Individual Defendants took joint police action with the NYPD Officers and Plaintiff was falsely arrested and detained. The false arrest of Plaintiff based, in part, on statements of one or more of the Individual Defendants made without any investigation or probable cause, are evidence of MSG's failure to train members of the MSG security staff, including the Individual Defendants, in basic security procedures, such as not assaulting visitors and honoring valid tickets. It is also clear proof of Joint Action between the NYPD Officers, Defendant MSG and the Individual Defendants.

30. At all times relevant herein, the conduct of Defendant MSG and all of the Individual Defendants, acting in collusion and conspiracy with the NYPD Officers, were subject to Federal statutes, including 42 U.S.C.1983.

**COUNT 1: VIOLATIONS OF 42 U.S.C. 1983: ARREST, DEPRIVATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS**

31.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 30 above with the same force and effect as if herein set forth.

32. At all times relevant hereto, the conduct of Defendant MSG and one or more of the Individual Defendants, as a result of their collusion and conspiracy with the NYPD Officers, was subject to Federal Statutes, including 42 USC 1983. Acting under the color of law, Defendants worked a denial of Plaintiff's rights, privilege or immunities

secured by the United States Constitution or by Federal law, to wit:

(a)    by depriving Plaintiff of his liberty without procedural or substantive due process

of law, by taking him into custody and holding him there against his will, and

(b)    by refusing or neglecting to prevent such deprivations and denials to Plaintiff,

thereby depriving Plaintiff of his rights, privileges, and immunities as guaranteed by

the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

33.    There was no warrant for the arrest of Plaintiff on December 1, 2016. The arrest was

without reasonable grounds for the NYPD Officers to believe Plaintiff had committed any

offense and the NYPD Officers knew they were without probable cause to arrest Plaintiff.

They only did so as a result of their collusion and conspiracy with Defendant MSG and one

or more of the Individual Defendants.

34.    None of Defendant MSG, the Individual Defendants nor either of the NYPD Officers

had arguable probable cause to arrest Plaintiff as they willfully refused to view readily

obtainable objective evidence, to wit, the videotapes of this incident at the MSG arena that

would have vindicated Plaintiff of all wrongdoing.

35.    No complaint, information, or indictment was ever sworn against Plaintiff alleging

offenses occurring prior to the moment the NYPD Officers handcuffed Plaintiff and told

him he was under arrest. The false arrest of Plaintiff on trespassing charges was made by the

NYPD Officers without any independent investigation or probable cause and is evidence of

the illegal collusion and conspiracy with Defendant MSG and one or more the Individual

Defendants.

36.    As a result of the concerted unlawful and malicious arrest by Defendant MSG and one

11

or more of the Individual Defendants, acting in collusion and conspiracy with the NYPD

Officers, Plaintiff was deprived of his liberty without due process of law and his right to

equal protection of the laws, and the due course of justice was impeded, in violation of the

Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42

U.S.C. Section 1983.

37. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of

 respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false arrest against Defendant MSG and

the Individual Defendants, jointly and severally, for actual, general, special, compensatory

damages in the amount of $5,000,000 and further demands judgment against each of said

Defendants, jointly and severally, for punitive damages in the amount of$10,000,000, plus

the costs of this action, including attorney's fees, and such other relief deemed to be just and

equitable.

## COUNT 2: VIOLATIONS OF 42 U.S.C. 1983: DETENTION AND CONFINEMENT

38.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in

paragraphs 1 through 37 above with the same force and effect as if herein set forth.

39.    As a result of their collusion and conspiracy with the NYPD Officers and their concerted

unlawful and malicious detention and confinement of Plaintiff, Defendant MSG and one or

more of the Individual Defendants deprived Plaintiff of both his right to his liberty without

due process of law and his right to equal protection of the laws in violation of the Fourth,

Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C.

Section 1983.

40. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of

respondeat superior.

WHEREFORE, Plaintiff demands judgment for the false detention and confinement against Defendant MSG and the Individual Defendants jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 3: VIOLATIONS OF 42 U.S.C. 1983: CONSPIRACY

41.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 40 above with the same force and effect as if herein set forth.

42.    As a result of their concerted unlawful and malicious conspiracy of Defendant MSG and one or more of the Individual Defendants, Plaintiff was deprived of both his liberty without due process of law and his right to equal protection of the laws, and the due course of justice was impeded, in violation of the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. Sections 1983 and 1985.

43. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment for the conspiracy against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief

deemed to be just and equitable.

## COUNT 4: VIOLATIONS OF 42 U.S.C. 1983: REFUSING OR NEGLECTING TO PREVENT

44. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 43 above with the same force and effect as if herein set forth.

45.    At all times relevant to this Complaint, the Individual Defendants were acting under the direction and control of Defendant MSG and Individual Defendant Delrosso.

46.    Acting under color of law, in collusion and conspiracy with the NYPD Officers, and pursuant to official policy or custom, Defendant MSG and Individual Defendant Delrosso, knowingly, recklessly, and/or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Individual Defendants in their duties to refrain from:

**(a)**    unlawfully and maliciously harassing a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

**(b)**    unlawfully and maliciously arresting, imprisoning and prosecuting a citizen who was acting in accordance with his constitutional and statutory rights, privileges, and immunities,

**(c)** conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States; and

**(d)**    otherwise depriving Plaintiff of his constitutional and statutory rights, privileges, and immunities.

47.    Defendant MSG and Individual Defendant Delrosso had knowledge or, had they diligently exercised that duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge, that the wrongs conspired to be done, as heretofore

14

alleged, were about to be committed. Defendants MSG and Individual Defendant Delrosso had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with gross negligence failed or refused to do so.

48.     Defendant MSG and Individual Defendant Delrosso directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of one or more of the Individual Defendants heretofore described.

49.     As a direct and proximate cause of the negligent and intentional acts of Defendant MSG and Individual Defendant Delrosso as set forth in paragraphs 44-48 above, Plaintiff suffered physical injury and severe mental anguish in connection with the deprivation of his constitutional and statutory rights guaranteed by the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. Section 1983.

50. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of$10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

15

## COUNT 5: VIOLATIONS OF 42 U.S.C. 1983: MALICIOUS  PROSECUTION

51.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs I through 50 above with the same force and effect as if herein set forth.

52.   Notwithstanding the readily available videotapes objectively proving, without any doubt, that Plaintiff had not committed the crime of trespass, Defendant MSG and one or more of the Individual Defendants, in collusion and conspiracy with the NYPD Officers, effected the arrest of Plaintiff, induced a criminal complaint to be filed and induced the City of New York to prosecute Plaintiff for criminal trespass.

53.   Once the videotapes were reviewed by Plaintiff's attorney and MSG personnel, the charges against Plaintiff were dismissed with prejudice. It should be noted that Officer Winters filed the criminal complaint against Plaintiff, but it was dismissed with prejudice after videotapes of the event were reviewed by Plaintiff's attorney and MSG personnel. Another clear sign that the NYPD Officers engaged in joint action, conspiracy and collusion with Defendant MSG and the Individual Defendants and the Individual Defendants acted as agents and instrumentalities of the NYC Police Department.

54. The criminal charges against Plaintiff were not based upon probable cause and/or arguable probable cause:

(a)   Defendant MSG, Individual Defendant Delrossa, and the NYPD Officers had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, reviewing the readily available videotapes of this incident and Plaintiff during his time in the vicinity of the MSG arena;

(b) Defendant MSG and Individual Defendant Delrossa not only breached their duty by

16

refusing to review these video tapes before both arresting, detaining and prosecuting Plaintiff, but without any probable cause, colluded and conspired with the NYPD Officers to have Plaintiff arrested and prosecuted;

(c)     One or more of the Individual Defendants colluded and conspired with the NYPD Officers, falsely and recklessly accusing the plaintiff of Criminal Trespass and those false and reckless statements resulted in Plaintiff's arrest, which statements could easily have been disproven if any of the Individual Defendants had reviewed the readily available video tapes.

(d)     Defendant MSG and one or more of the Individual Defendants instigated or participated in the prosecution by either filing a false Complaint, and/or submitting false depositions and/or false statements and/or pressing the New York County District attorney to prosecute Plaintiff for an improper purpose.

55.     The criminal proceeding terminated in favor of the Plaintiff when both charges against Plaintiff were dismissed with prejudice.

56. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief

17

deemed to be just and equitable.

## COUNT 6: VIOLATIONS OF 42 U.S.C. 1983: EXCESSIVE USE OF FORCE

57.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 56 above with the same force and effect as if herein set forth.

58.    Plaintiff was voluntarily leaving the vicinity of the MSG arena under his own power when he was, without any good cause, physically assaulted by one or more of the Individual Defendants, who grabbed and twisted Plaintiff's back, neck and shoulder.

59.    In an effort to terminate this unprovoked assault, Plaintiff merely rolled his shoulder to remove one or more Individual Defendant's grip and prevent further damage to his back, neck and shoulder.

60.    One or more of the Individual Defendants then tackled and assaulted Plaintiff, carried him out of the MSG arena and pinned him against an exterior wall, causing further damage to his back, neck and shoulder.

61.    Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 7: MALICIOUS ABUSE OF PROCESS

62.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 61 above with the same force and effect as if herein set forth.

63.    Defendant MSG and one or more of the Individual Defendants knew, or should have known, that the Complaint initiated was groundless and, in the case of one or more of the Individual Defendants, made misrepresentations to gain personal advantage and advance their careers. One or more of the Individual Defendants contacted New York County District Attorney's office and made false reports regarding Plaintiff and his conduct on December 1, 2016.

64. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 8: FALSE ARREST AND IMPRISONMENT

65.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 64 above with the same force and effect as if herein set forth.

66.    At all times relevant herein, (a) the Individual Defendants acted with the intention of confining Plaintiff within fixed boundaries, (b) the act directly or indirectly resulted in confinement, and (c) Plaintiff was conscious of the confinement.

67.    The Individual Defendants imposed by force and threats an unlawful restraint upon his freedom of movement, to wit by assaulting and battering Plaintiff, by tackling him and carrying him out of the vicinity of the MSG arena and by pinning him against an exterior wall

causing the unlawful imprisonment of Plaintiff.

68.     Then, under the color of state law, one or more of the Individual Defendants, in collusion and conspiracy with the NYPD Officers, arrested and handcuffed Plaintiffs hands behind his back, manhandled him, and transported him to the police station where he was detained in a cell causing the unlawful imprisonment of Plaintiff.

69.     As a direct and proximate result of the conduct of the Defendants, Plaintiff suffered harm and damages, including, but not limited, to the aforesaid damages.

70. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 9: ASSAULT

71.     Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 70 above with the same force and effect as if herein set forth.

72. Plaintiff is a reasonable person.

73.     One or more of the Individual Defendants intentionally created an apprehension of immediate physical harm by means of overt gestures.

74.     Any reasonable person would also become apprehensive in the face of Defendants'

20

threatening conduct.

75. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 10: BATTERY

76.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 75 above with the same force and effect as if herein set forth.

77.    Without the consent of Plaintiff, one or more of the Individual Defendants intentionally, harmfully, and offensively touched Plaintiff by grabbing him, tackling him, pinning him against a wall, handcuffing him and then manhandling him to a detention area.

78.    Without the consent of Plaintiff, Defendant MSG and Individual Defendant Delrosso indirectly caused one or more Individual Defendants to intentionally, harmfully, and offensively touch Plaintiff when grabbing him, tackling him, carrying him out of the vicinity of the MSG arena and pinning him against the wall.

79. Defendant MSG and Individual Defendant Delrosso are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against all Defendant MSG and all the

Individual Defendants, jointly and severally, for actual, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 11: CONSPIRACY

80. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 79 above with the same force and effect as if herein set forth.

81.    All of the Defendants and the NYPD Officers:

(a) had an object to be accomplished - the arrest and detention of Plaintiff;

(b)    had an agreement on the object or course of action - that they would physical restrain, confine and arrest Plaintiff;

(c)    performed one or more unlawful overt acts - first the Individual Defendants physically assaulted Plaintiff in the vicinity of the Madison Square Garden Arena, carried him away from the Arena against his will and pinned him against a wall and second, the subsequent arrest and handcuffing and manhandling by the NYPD Officers after arresting him after the hand-off and manhandling by one or more of the Individual Defendants; and

(d)    caused Plaintiff damages that were a direct result of those acts, to wit, damaging Plaintiff's back and knees and causing him to incur legal fees to defend against his false arrest and prosecute this Complaint.

82. In furtherance of their object, Defendants did two or more overt acts against the Plaintiff - they assaulted, arrested, confined and prosecuted Plaintiff.

83.    The Defendants agreed that the object or course of action was to collude and conspire with the NYPD Officers to arrest, detain, and confine Plaintiff without probable cause, and maliciously charge and prosecute him with crimes.

84. Defendant MSG and Individual Defendant Delrosso are liable under the doctrine of respondeat superior.

85. Plaintiff suffered harm and damages that are a direct result of those acts.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 12: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

86.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 85 above with the same force and effect as if herein set forth.

87.    Defendants intentionally and deliberately inflicted emotional distress on Plaintiff by maliciously prosecuting Plaintiff, by abusing the lawful process by unlawful purpose, or by violating Plaintiff's constitutional rights, by falsely arresting and imprisoning the plaintiff, by conspiring against Plaintiff, by interfering with Plaintiff's state civil rights by threats, coercion, and/or intimidation, and/or knew or should have known that emotional distress was the likely result of their conduct.

88.    Defendants conduct was extreme and outrageous, beyond all possible bounds of

decency and utterly intolerable in a civilized community.

89. The actions of the Defendants were the cause of Plaintiff's distress.

90. Plaintiff is a reasonable man.

91. The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

92. As a result of the Defendants' extreme and outrageous conduct, Plaintiff was, is, and, with a high degree of likelihood, will continue to be emotionally distressed due to the intentional misconduct of the Defendants.

93. Defendant MSG and Individual Defendant Delrosso are liable under the doctrine of respondeat superior.

94. As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment against all Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 13: NEGLIGENCE

95. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 94 above with the same force and effect as if herein set forth.

24

96.    Defendant MSG and Individual Defendant Delrosso owed a duty to supervise or train the officers/security agents and to take steps to prevent events such as occurred here, to wit, the false arrest and imprisonment, assault, battery and the swearing to charges without probable cause.

97.    Defendant MSG and the Individual Defendants owed a duty to act according to the standard of ordinary care, to wit, to conduct a proper investigation and determine if probable cause existed, the failure of which was the proximate cause of Plaintiffs injury.

98.    Defendant MSG and Individual Defendant Delrosso breached that duty by failing to act as a supervisor would act, to wit, by failing to perform its/her duties and by failing adequately to control and to supervise their security agents.

99.  As a result of those breaches, which were the proximate causes of Plaintiff's injury, Plaintiff suffered harm and damages.

100.   Defendant MSG and Individual Defendant Delrosso are also liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 14: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

101.   Plaintiff repeats and re-alleges and incorporates by reference the allegations in

paragraphs 1 through 100 above with the same force and effect as if herein set forth.

102. Defendant MSG and one or more of the Individual Defendants continually and negligently inflicted emotional distress on the Plaintiff.

103.   Defendants had a continuing affirmative duty to perform their professional services in such a manner as not to inflict emotional distress on the Plaintiff.

104. Defendant MSG and one or more of the Individual Defendants breached their duties to the Plaintiff.

105.   The Plaintiff never interfered with any of the Defendants' obligations under the above-described duties.

106.   Plaintiff suffered not only physical symptoms but also, as a consequence of the physical injury, mental anguish by Defendant MSG's and one or more of the Individual Defendant's breach of duty.

107.   Plaintiff was, is, and, with a high degree of likelihood, will continue to be inflicted with emotional distress due to the negligence of such Defendants.

108. Defendant MSG and Individual Defendant Delrosso are also liable under the doctrine of respondeat superior.

109.    As a result of the Defendants' negligent conduct, Plaintiff has suffered and will continue to suffer physical symptoms, pain, anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment against all Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said

Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 15: MALICIOUS PROSECUTION

110.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1-109 above with the same force and effect as if herein set forth

111.    Defendant MSG and one or more of the Individual Defendants instituted and encouraged criminal process against the Plaintiff with malice:

(a)    Through indirect and direct communication, Defendant MSG and one or more of the Individual Defendants, acting in concert and in collusion and conspiracy with the NYPD Officers, played an active part in the initiation of criminal proceedings against Plaintiff, and

(b)    Defendant MSG and one or more of the Individual Defendants played an active part in the initiation of the criminal proceedings by arresting and causing the false imprisonment of Plaintiff.

112. The charges were not based upon probable cause.

(a) Defendant MSG and one or more of the Individual Defendants had a duty to ascertain whether there was reasonable and probable cause for a prosecution, to wit, knowing that Plaintiff had not trespassed and held a valid ticket to enter Madison Square Garden;

(b)    Defendant MSG and one or more of the Individual Defendants breached their duty by refusing to check the validity of Plaintiff's ticket set forth hereto as Exhibit l and refusing to review the videotape of Plaintiff's actions;

(c)    Defendant MSG and one or more of the Individual Defendants recklessly made

27

categorical statements to the NYPD Officers accusing the plaintiff of trespassing and those statements resulted in Plaintiffs false arrest.

(d)   Defendant MSG and one or more of the Individual Defendants instigated or participated in the prosecution by pressing the New York City District Attorney to prosecute Plaintiff for an improper purpose.

113.   All criminal proceeding terminated in favor of the Plaintiff when all charges against Plaintiff were dismissed with prejudice.

114. Defendant MSG and Individual Defendant Delrosso are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 16: DEFAMATION

115. Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 114 above with the same force and effect as if herein set forth.

116.   Defendant MSG and one or more of the Individual Defendants were in communication with the New York City District Attorney's office and, on information and belief, asserted he was trespassing in Madison Square Garden.

117.   At the time of these statements, Defendant MSG and one or more of the Individual Defendants knew these statements to be false. Such Defendants published these statements

to embarrass and humiliate him and cause irreparable harm to his reputation and his credibility.

118.    Such Defendants have acted willfully, maliciously and with the intent to injure Plaintiff. As such, Plaintiff is entitled to recover punitive and exemplary damages in an amount sufficient to punish such Defendants, and each of them, and to deter them from such conduct in the future.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

### COUNT 17: EXCESSIVE USE OF FORCE

119.    Plaintiff repeats and re-alleges and incorporates by reference the allegations in paragraphs 1 through 118 above with the same force and effect as if herein set forth.

120.    Plaintiff was voluntarily leaving the Madison Square Garden arena under his own power when he was, without any good cause, physically assaulted by one or more of the Individual Defendants, who grabbed and twisted Plaintiff's back, neck and shoulder.

121. In an effort to terminate this unprovoked assault, Plaintiff merely rolled his shoulder to remove one or more of the Individual Defendants' grip and prevent further damage to his back, neck and shoulder.

122.    One or more of the Individual Defendants then tackled and assaulted Plaintiff, carried

him out of the MSG arena and pinned him against an exterior wall, further complicating bis injuries.

123. Defendant MSG and Individual Defendant Delrossa are liable under the doctrine of respondeat superior.

WHEREFORE, Plaintiff demands judgment against Defendant MSG and all the Individual Defendants, jointly and severally, for actual, general, special, compensatory damages in the amount of $5,000,000 and further demands judgment against each of said Defendants, jointly and severally, for punitive damages in the amount of $10,000,000, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT 18: COMPLIANCE WITH THE COURT'S VALENTIN ORDER

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the District Court in identifying a defendant, 121 F.3d 72, 76 (2d Cir. 1997). Plaintiff has been provided sufficient information to permit the Madison Square Garden Company to identify the Individual Defendants and they have been identified and set forth in this Complaint. However, Defendant Madison Square Garden has not provided addresses for the Individual Defendants to the Court or Plaintiff. The Court has already issued a Valentin Order to which Defendants have not fully complied. It is respectfully requested that this Court order Joshua Cash and the Madison Square Garden Company provide the addresses of the Individual Defendants to Court as soon as possible so that the Clerk of the Court can complete the USM-285 forms with the addresses for the named Individual Defendants and deliver all

documents necessary to effect service to the U.S. Marshals Service.

Respectfully Submitted,

Christopher Basile, pro se

## PLAINTIFF'S
## VERIFICATION

The undersigned, being duly sworn, deposes and says that I am the Plaintiff herein, and have read the foregoing pleading filed on my behalf, and the facts stated therein are true.

Christopher Basile

Subscribed and sworn to me, this 12th day of November, 2019.

Notary Public

**GUY L. LOREMIL**
Notary Public, State of New York
No. 01LO6083318
Qualified in Nassau County
Commission Expires 11-12-2022

31