UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER BASILE,<br><br>*Plaintiff*,<br><br>v.<br><br>THE MADISON SQUARE GARDEN COMPANY, an entity formed under the laws of the State of Delaware, and each of ANGELE DELROSSO, MIKE AVELLINO, ANTHONY SABELLA, FRANK CELENTANO, CHRISTOPHER SOTO, PHYLLIS SMITH, and ANTHONY MONGELLI in his/her individual capacity and official capacity as an employee/former employee and/or agent of The Madison Square Garden Company,<br><br>*Defendants*. | **ORDER**<br><br>17 Civ. 9060 (ER) |

RAMOS, D.J.

On November 20, 2017, Plaintiff Christopher Basile filed a complaint against Defendants the City of New York ("the City" or "New York City"), the City Police Commissioner James P. O'Neill, Officer Matthew Winters, a John Doe police officer (whom the City eventually identified as Officer William Dottavio), the Madison Square Garden Company (MSG), an MSG supervisor named Angele Delrosso, and John Doe employees of MSG (six of whom MSG eventually identified as Mike Avellino, Anthony Sabella, Christopher Soto, Frank Celentano, Phyllis Smith (deceased), and Anthony Mongelli), alleging violations under 42 U.S.C. § 1983 and New York common law. Doc. 2. After the Court dismissed the City and New York City Police defendants,[1] on November 14, 2019, Plaintiff filed a Second Amended Complaint against

---

[1] In the Second Amended Complaint, Plaintiff did not name Dottavio as a defendant. Dottavio was terminated from this action on November 15, 2019.

Defendants MSG, Delrosso, Avellino, Sabella, Soto, Celentano, Smith, and Mongelli ("MSG Defendants"). Doc. 82. On February 7, 2020, the MSG Defendants filed their answer. Doc. 92.

On December 1, 2020, the Court entered an order endorsing the parties' status report regarding discovery, which stated, in part, that Plaintiff's deposition must be conducted by May 15, 2021. Doc. 96. On September 13, 2021, the MSG Defendants requested a pre-motion conference to discuss their anticipated motion to dismiss for failure to comply with the Court's December 1, 2020 order, as Plaintiff allegedly refused to appear for his deposition. Doc. 98. On October 14, 2021, the Court scheduled the pre-motion conference for October 26, 2021, and directed Plaintiff to submit a written response by October 20, 2021. Doc. 99. Plaintiff never responded to the pre-motion conference request as directed by the Court.

On October 26, 2021, the Court held the pre-motion conference, during which neither Plaintiff nor counsel for Plaintiff appeared. Doc. 100. The Court ordered the parties to appear telephonically on November 17, 2021, so that Plaintiff may show cause why the Court should not dismiss this case pursuant to Federal Rule of Civil Procedure 41 for failure to prosecute or otherwise sanction Plaintiff pursuant to Federal Rule of Civil Procedure 37. *Id.* On October 27, 2021, the Clerk of Court mailed a copy of the order to Plaintiff. At the telephonic conference on November 17, 2021, Plaintiff (and any counsel for Plaintiff) failed to appear. There has been no communication from Plaintiff since his notice of substitution of attorney dated April 23, 2021. Doc. 97. For the reasons set forth below, the Court now dismisses Plaintiff's action for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.        Standard**

Courts evaluating dismissal under Rule 41(b) must consider

(1) the duration of the plaintiff's failures,

> (2) whether plaintiff had received notice that further delays would result in dismissal,
> (3) whether the defendant is likely to be prejudiced by further delay,
> (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and
> (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citation omitted). When weighing these factors, "[n]o single factor is generally dispositive." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014).

**II.   Discussion**

In the instant case, each *LeSane* factor weighs in favor of dismissal. *First*, Plaintiff has not communicated with the Court nor responded to any of the Court's orders since his counsel filed a notice of substitution of attorney dated April 23, 2021. Doc. 97. Prior to this notice, the parties submitted a joint status report and proposed schedule on November 30, 2020. Doc. 95. This report was filed in response to the Court's order instructing the parties to submit a joint status report, as there had been no further activity in this case since counsel for Plaintiff entered a notice of appearance on July 12, 2020. Doc. 94. Thus, Plaintiff has not taken meaningful action to prosecute this case in nearly a year. "A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient" for dismissal under Rule 41(b). *Salem v. City of New York*, No. 16 Civ. 7562 (JGK), 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) (citation omitted).

*Second*, Plaintiff was given clear notice that failure to respond to the Court's orders could result in dismissal. First, the Court directed Plaintiff to submit a written response to the MSG Defendants' pre-motion conference request to discuss their anticipated motion to dismiss for failure to comply with a Court order and failure to prosecute. Doc. 99. Second, the Court

3

ordered the parties to appear for a telephonic conference on November 17, 2021, so that Plaintiff may show cause why the Court should not dismiss this case for failure to prosecute or otherwise sanction Plaintiff.  Doc. 100.  This order was mailed to Plaintiff at the address he provided to the Court.  Moreover, Plaintiff is familiar with the consequences of noncompliance with a Court order.  Plaintiff's previous failure to comply with two Court orders resulted in New York City and Officer Winters being dismissed from this action.  Doc. 73.

*Third*, "prejudice to defendants resulting from unreasonable delay may be presumed." *LeSane*, 239 F.3d at 210.  Because Plaintiff has failed to advance his case for nearly a year, the Court perceives no circumstances rebutting this presumption.  Moreover, the MSG Defendants have twice had to appear at conferences before the Court, only for Plaintiff not to appear.

*Fourth*, Plaintiff has not taken advantage of his "right to due process and a fair chance to be heard."  *LeSane*, 239 F.3d at 209.  "[I]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts."  *Honsaker v. The City of New York*, No. 16 Civ. 3217 (AJN), 2020 WL 6082094, at *3 (S.D.N.Y. Oct. 15, 2020) (quoting *Hibbert v. Apfel*, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000)).

*Fifth*, because Plaintiff has ignored two Court orders, failed to appear at two conferences, and delayed this case for several months, there are no weaker sanctions that could remedy his failure to prosecute this case.  Dismissal is appropriate where, as here, Plaintiff "appears to have abandoned the litigation." *Dixon v. Urbanskt*, No. 17 Civ. 1123 (PMH), 2020 WL 4347736, at *3 (S.D.N.Y. July 29, 2020); *McNair v. Ponte*, No. 17 Civ. 2976 (AT) (GWG), 2020 WL 3402815, at *7 (S.D.N.Y. June 18, 2020) (citing abandonment of claims as reason that any other sanction would be less effective).

For all these reasons, the Court dismisses Plaintiff's case with prejudice. The Clerk of Court is respectfully directed to close the case. The Clerk of Court is further respectfully directed to mail a copy of this order to Plaintiff at

    Christopher Basile
    2877 Paradise Rd
    Ste Unit 702
    Las Vegas, NV 89109

    It is SO ORDERED.

Dated: November 17, 2021
       New York, New York

                                    Edgardo Ramos, U.S.D.J.